UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA VERO,<br>    Plaintiff<br>        v.<br><br>MARGUERITE BARNETT, M.D.,<br>    and<br>MARGUERITE BARNETT, M.D., P.A.,<br>    Defendants | )<br>)<br>)   CIVIL ACTION NO.<br>)   03-12392 REK<br>)<br>)<br>)<br>) |

## FIRST AMENDED COMPLAINT

### PARTIES & JURISDICTION

1. This is an action for personal injuries and loss of consortium brought by the plaintiffs pursuant to Florida statute and common law arising from the circumstances relating to the medical care and treatment rendered to the plaintiff, Patricia Vero, in the state of Florida.

2. Patricia Vero is a resident of 107 Central Street, Concord, Massachusetts.

3. Defendant Marguerite Barnett, M.D., was, at all material times, a surgeon licensed to practice medicine in the state of Florida, specializing in plastic surgery. Dr. Barnett resides and practices in Florida.

4. Defendant Marguerite Barnett, M.D., P.A. is Dr. Barnett's professional corporation registered in Florida. Defendants specified in paragraphs 3 and 4 will be collectively referred to as "defendant."

5. The plaintiff has complied with all conditions precedent to the bringing of this suit, including proper and timely presentation of a Notice of Intent to Initiate Litigation with a supporting expert affidavit and attaching a certificate of good faith, as required by Florida law.

6. Defendant has, through her counsel, notified plaintiff that she rejects plaintiffs' claims.

7. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeds $75,000 and the plaintiff and the defendant are citizens of different states.

8. This Court has jurisdiction over the defendants because Dr. Barnett, both individually and as the agent of her professional corporation, has had more than minimal contacts with Massachusetts in connection with the events set forth herein and otherwise.

9. Venue is proper because plaintiff resides within the District of Massachusetts and has received subsequent treatment here. In addition, plaintiff's expert is in Massachusetts.

## ADDITIONAL FACTUAL ALLEGATIONS

10. Defendant Marguerite Barnett, M.D. is, in addition to her professional surgical practice, a avid practitioner of various dance forms. In particular, she has extensive experience with belly dance, dating back at least twenty-five years. Because of this experience, defendant was fully aware of the importance the abdominal area, including especially the rectus and other muscles, has to a belly dancer.

11. Plaintiff Patricia Vero is also a skilled dancer who, for many years, did belly dance.

12. Defendant Marguerite Barnett, M.D. was well aware of the fact that plaintiff Patricia Vero was a belly dancer, as they first met and developed a friendship while Patricia Vero was performing belly dance professionally.

13. Defendant Marguerite Barnett, M.D. was professionally trained in Massachusetts. Upon information and belief, she has returned to Massachusetts on numerous

occasions to receive additional training, attend medical school reunions and for other purposes. Specifically, on one occasion in or about the summer of 1998, defendant Marguerite Barnett, M.D. traveled to Massachusetts. One purpose of her visit was to meet with plaintiff Patricia Vero. At that time, Marguerite Barnett, M.D. discussed Patricia Vero's desire to resume dancing again after the birth of her second daughter, but that her appearance did not seem to be professionally suitable. Marguerite Barnett, M.D. examined Patricia Vero and discussed the available treatment with her, specifically recommending an abdominoplasty, or tummy tuck, and referring to the definite improvement that would result in her appearance as a dancer. Marguerite Barnett, M.D. assured Patricia Vero that the procedure she was recommending would be simple and unproblematic. Based on this discussion and, in particular, the assurance that it would be an easy procedure, Patricia Vero decided to go forward with the procedure. No follow up examinations or office visits were conducted by Marguerite Barnett, M.D. with Patricia Vero in Massachusetts or Florida until the day prior to the surgery.

14. At no time did Marguerite Barnett, M.D. ever indicate to Patricia Vero that the surgery might not resolve the complaint for which Patricia Vero sought surgery or that the surgery could result in such severe injury that Patricia Vero would be unable to do belly dance afterwards.

15. At all times prior to the surgery, Marguerite Barnett, M.D. in fact minimized the risks of such surgery and exaggerated both her professional experience and skill in performing such procedures.

16. Patricia Vero relied on such misrepresentations in deciding to undergo the surgery with Marguerite Barnett, M.D. as her doctor.

## COUNT I - NEGLIGENCE

17. Plaintiff realleges and incorporates herein paragraphs 1-16 as if each were set forth here in its entirety.

18. Defendant Marguerite Barnett, M.D., rendered medical treatment to plaintiff Patricia Vero and therefore owed to her a duty of due care in accordance with accepted standards of medical care and treatment.

19. Defendant breached her duty when she treated Patricia Vero in a manner which resulted in plaintiff's severe and permanent injuries.

20. Plaintiff Patricia Vero's injuries were the direct and proximate result of defendant's carelessness, lack of skill, negligence and improper care and treatment.

WHEREFORE, Patricia Vero demands judgment against the defendant for the above-described personal injuries and damages, including but not limited to physical and mental pain and suffering, medical expenses, including interest and costs.

## COUNT II - BREACH OF EXPRESS/IMPLIED WARRANTIES

21. Plaintiff realleges and incorporates herein paragraphs 1-20 as if each were set forth here in its entirety.

22. Defendant contracted to provide professional services related to the medical care and treatment of plaintiff Patricia Vero.

23. Defendant expressly and implicitly warranted that she would perform and render professional services in accordance with accepted standards of medical care and treatment.

24. Plaintiff Patricia Vero's injuries were the direct and proximate result of defendant's breach of express and implied warranties, upon which plaintiff Patricia Vero relied.

WHEREFORE, Patricia Vero demands judgment against the defendant for the above-described personal injuries and damages, including but not limited to physical and mental pain and suffering, medical expenses, including interest and costs.

## COUNT III - FAILURE TO OBTAIN INFORMED CONSENT

25. Plaintiff realleges and incorporates herein paragraphs 1-24 as if each were set forth here in its entirety.

26. At all relevant times, average qualified members of the medical profession practicing defendant's specialty, including defendant, knew or should have known of the risks, potential consequences and alternatives to defendant's choice of treatment of Patricia Vero.

27. Defendant did not inform Patricia Vero of the alternatives to, risks and potential consequences of defendant's choice of treatment of Patricia Vero.

28. If defendant had informed Patricia Vero of the alternatives to, risks and potential consequences of defendant's choice of treatment of her, neither Patricia Vero nor a reasonable person in her position would have elected to go forward.

29. In fact, Patricia Vero did not consent to the surgery as performed.

30. The alternatives to, risks and potential consequences of defendant's choice of treatment of Patricia Vero were material to a decision by Patricia Vero and a reasonable person in her position as to whether to elect to go forward with the surgery.

WHEREFORE, Patricia Vero demands judgment against the defendant for the above-described personal injuries and damages, including but not limited to physical and mental pain and suffering, medical expenses, including interest and costs.

## JURY CLAIM

The plaintiff requests a jury trial on all claims set forth herein.

Respectfully submitted,

PATRICIA VERO

Date: March 24, 2004      By: /s/ Thomas E. Kanwit

THOMAS E. KANWIT
BBO # 547251
107 Central Street
Concord, MA 01742
617/748-3271

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail on 3/26/04

Assistant U.S. Attorney