UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PATRICIA VERO,                        )
                                      )
    Plaintiff,                        )
                                      )
v.                                    )     Civil Action No. 03cv-12392 REK
                                      )
MARGUERITE BARNETT, M.D.,             )
    and                               )
MARGUERITE BARNETT, M.D., P.A..,      )
                                      )
    Defendants.                       )
_____)

### DEFENDANTS, MARGUERITE BARNETT, M.D., AND MARGUERITE BARNETT, M.D., P.A.'S, MOTION TO DISMISS

The Defendants, MARGUERITE BARNETT, M.D., and MARGUERITE BARNETT, M.D., P.A., submit this Motion to Dismiss and Memorandum in Support Under Federal Rule of Civil Procedure 12(b) to the Court as follows:

### INTRODUCTION

This is a medical malpractice case in which Plaintiff, PATRICIA VERO, has sued Defendants, MARGUERITE BARNETT, M.D., and MARGUERITE BARNETT, M.D., P.A., for injuries allegedly suffered due to a plastic surgery procedure that was performed in Venice, Florida. Plaintiff Vero has claimed that MARGUERITE BARNETT, M.D., and MARGUERITE BARNETT, M.D., P.A., breached a duty of care owed to Ms. Vero during a plastic surgery procedure performed in Venice, Florida. As a result of these allegations, Ms. Vero claims to have suffered personal injuries and damages.

Prior to filing the complaint, and pursuant to Florida Medical Malpractice Statute § 766.106, Plaintiff Vero sent these Defendants a certified Notice of Intent to Initiate Litigation, including a corroborating affidavit all of which complied with Florida law. That Notice of Intent denoted the beginning of the pre-suit period under Florida law. In response to the Notice of Intent, these Defendants were assigned counsel who is licensed to practice in the State of Florida, an investigation took place here in Florida pursuant to Florida law, and the claim was denied.

On March 26, 2004, counsel for Defendants, MARGUERITE BARNETT, M.D., and MARGUERITE BARNETT, M.D., P.A., received Plaintiff's amended complaint that was filed in the United States District Court, District of Massachusetts. These Defendants assert that the District Court of Massachusetts lacks personal jurisdiction over this medical malpractice claim.

## FACTS

At this point in the litigation, it is known Plaintiff, Patricia Vero, and Defendant, Marguerite Barnett, M.D., developed a friendship in the mid-1990s as a result of their shared interests in the art of belly-dancing. Both Plaintiff Vero and Defendant Barnett participated in belly-dancing as a hobby. Sometime in the summer of 1998, Dr. Barnett traveled to Massachusetts for a vacation and visited with Ms. Vero. During this visit, Ms. Vero expressed a desire to improve her abdominal appearance. Dr. Barnett suggested that Ms. Vero could undergo an abdominoplasty, better known as a tummy tuck, to correct her abdominal appearance, if it were that important to her.

Two and a half years later, Ms. Vero made the decision to have Dr. Barnett perform a tummy tuck procedure and initiated a call to Dr. Barnett to schedule the surgery. Ms. Vero traveled to Bradenton, Florida and stayed with her mother prior to and after the surgery. Ms. Vero's medical records indicate that she was told the risks, benefits and alternatives to

undergoing the tummy tuck, and decided to proceed with the surgery, signing an informed consent in Dr. Barnett's office in Venice, Florida. The tummy tuck was performed without incident on or about February 15, 2001, in Venice, Florida. Subsequently, Ms. Vero returned to Massachusetts.

On December 10, 2002, Ms. Vero retained legal counsel in Florida to file a Petition for an Automatic Ninety-Day Extension of the statute of limitations pursuant to Florida Statutes. That petition for extension of the statute of limitations was filed in the Circuit Court for the Twelfth Judicial Circuit In and For Sarasota County, Florida. That petition was given the case number of 2002 CA 17801NC, a court file was opened, and a docket was created here in Florida for this very action.

On May 9, 2003, Ms. Vero sent to Dr. Barnett and her professional association a Notice of Intent to Initiate Litigation for the alleged medical malpractice claim, citing compliance with Florida Statute § 766.106. Pursuant to Florida Statutes, these Defendants conducted a good faith investigation here in Florida regarding the allegations and eventually denied the claim, as required by Florida law, on September 30, 2003.

However, on March 26, 2004, Plaintiff Vero filed her complaint against these Defendants in the United States District Court, District of Massachusetts, citing diversity. Plaintiff Vero also pled that she suffers the alleged injuries in Massachusetts and because of Dr. Barnett's vacation in Massachusetts, jurisdiction is proper there.

The Defendant, Marguerite Barnett, M.D., is only licensed to practice medicine in the State of Florida. Dr. Barnett's practice and office are in Venice, Florida. Dr. Barnett is domiciled in Venice, Florida. She provided care to Plaintiff in Venice, Florida and the events which give rise to the cause of action occurred in Venice, Florida. Dr. Barnett does not solicit

business in Massachusetts. Dr. Barnett has no contacts with Massachusetts, except for vacationing.

The Defendant, Marguerite Barnett, M.D., P.A., is a professional association that was created under the laws of Florida. This Defendant maintains a place of business and employs personnel only in Venice, Florida. This Defendant does not advertise for patients anywhere other than in the surrounding counties, all located in Florida. This Defendant has no contacts with Massachusetts.

## ARGUMENT

### A. District Court of Massachusetts Does Not Have Personal Jurisdiction For These Defendants

Under Massachusetts law, it is widely held that jurisdiction over a nonresident defendant is appropriate only if: (1) The Massachusetts long-arm statute authorizes it, and (2) If jurisdiction over the non-resident defendant is consistent with due process of the United States Constitution. *Remf Corp. v. Miranda*, 801 N.E.2d 296 (2004); MA ST § 223A(3); and, U.S.C.A. Const. Amend. 14.

Regarding the first prong, the Massachusetts Long Arm Statute provides that a Massachusetts court may exercise personal jurisdiction over an out-of-state defendant who transacts any business in the Commonwealth or contracts to supply services or things in the Commonwealth. *Edwards vs. Radventures, Inc.*, 164 F.Supp.2d 190 (2001) (*citing* MA ST § 223A(a) and (b)). That did not occur in this case. Under *Remf*, the defendant must have transacted business in Massachusetts and the plaintiff's claim must have arisen from the defendant's transaction of that business. *Id.* To determine if a defendant has transacted business pursuant to the statute, the Massachusetts Supreme Judicial Court has held that unless a defendant or its agents purposefully and successfully solicits business from residents of the

Commonwealth, an isolated transaction with a Massachusetts resident is insufficient. *Id.*; *Stanton vs. AM General Corp.*, 735 N.E.2d 407, 408 (Mass. App. Ct. 2000).

For an isolated transaction to be purposeful it must be part of a larger systematic effort to obtain business from the people of Massachusetts. *Tatro vs. Manor Care, Inc.*, 416 Mass. 763, 769 (1994). It is Plaintiff's burden to establish sufficient facts on which to predicate jurisdiction over a non-resident defendant. *Remf Corp.* 801 N.E.2d at 297.

In *Remf*, the court affirmed the lower court's granting of a motion to dismiss for lack of personal jurisdiction over the non-resident defendant. *Id.* at 300. There, the plaintiff buyer was the President of a Massachusetts corporation who attended a boat show in Miami, Florida and wanted to buy a yacht from a Ft. Lauderdale, Florida yacht broker. *Id.* at 298. After the boat show, plaintiff went back to Massachusetts where after several exchanges of offers, counteroffers and the eventual signing of the contract plaintiff purchased the yacht. *Id.* If fact, plaintiff also traveled to Florida to inspect and conduct a sea trial of the yacht. *Id.* The plaintiff wired money from Boston to the sellers and the closing agent was in Boston. *Id.* at 299. Shortly thereafter, delivery occurred and plaintiff discovered the boat was not in the condition promised. *Id.* Plaintiff then filed suit in Massachusetts claiming personal jurisdiction was proper. *Id.*

After a lengthy constitutional analysis on personal jurisdiction was conducted, the *Remf* Appeals Court of Massachusetts found that even though the seller advertised yachts in a national publication, sent documents to the plaintiff buyer in Massachusetts, made telephone calls to the buyer, concluding that this was a one time transaction and did not constitute purposeful availment of the privilege of conducting business in the state. *Id.* at 299-300. Thus, the non-resident defendant lacked sufficient contacts with Massachusetts for Massachusetts to exercise personal jurisdiction.

Analogous to Remf, Plaintiff Vero has alleged in her complaint that jurisdiction is proper in Massachusetts because Dr. Barnett had a conversation in the summer of 1998 with Ms. Vero wherein, among other things, they discussed Ms. Vero's desire to have a tummy tuck. It is important to note that Ms. Vero and Dr. Barnett were friends during that time. This conversation took place while Dr. Barnett was on a vacation in Massachusetts. However, according to Ms. Vero, as a result of that conversation she decided two and a half years later, in February 2001, to contact Dr. Barnett and schedule the tummy tuck procedure. Ms. Vero then traveled to Bradenton, Florida and stayed with her mother prior to and after the surgery. Once in Florida, Ms. Vero went to Dr. Barnett's office in Venice, Florida where they discussed the risks, benefits and alternatives of undergoing the tummy tuck. Ms. Vero decided to proceed with the surgery, signing the informed consent. The tummy tuck was performed without incident on or about February 15, 2001 in Venice, Florida. Subsequently, Ms. Vero returned to Massachusetts.

It is important to note that in the summer of 1998, Dr. Barnett was not in Massachusetts for the purpose of transacting or soliciting business from Ms. Vero. This isolated conversation was not a part of a larger systematic effort to obtain business from the people is Massachusetts. In fact, it was Ms. Vero who purposefully availed herself of the medical services of Dr. Barnett provided to her in Florida.

If the Appeals court in *Remf* did not find that Massachusetts had personal jurisdiction over a non-resident defendant who advertised, exchanged contracts, and contacted plaintiff in Massachusetts when selling a yacht, this court should find it has no personal jurisdiction over these Defendants when absolutely no transactions occurred in Massachusetts. Plaintiff Vero claims that jurisdiction exists because of an isolated conversation with her friend, Defendant Barnett, two and a half years prior to her deciding to have surgery. Especially when Plaintiff

Vero traveled to Florida, initiated a doctor-patient relationship with Dr. Barnett, in Florida, discussed with Dr. Barnett in her Venice office the risks, benefits and alternatives of having the procedure performed, and eventually agreed to proceed with the surgery in Florida while staying with her mother. Obviously, Plaintiff Vero has failed to establish sufficient facts to predicate jurisdiction failing to satisfy the first prong and a motion to dismiss for lack of personal jurisdiction should be granted.

Moreover, Plaintiff Vero also fails to allege any facts that would satisfy the second prong establishing whether the out-of-state defendants had sufficient minimum contacts with Massachusetts such that subjecting them to personal jurisdiction would not offend "traditional notions of fair play and substantial justice." *International Shoe Co. vs. Washington*, 326 U.S. 310, 316 (1945); *Edwards*, 164 F.Supp.2d at 196. The substantial connection between the out-of-state defendant and the forum State needed to find minimum contacts must come about by an action of the defendant "purposefully directed toward the state." *Asahi Metal Industry Co. vs. Superior Court*, 480 U.S. 102, 109 (1987); *Droukas vs. Divers Training Academy, Inc.*, 376 N.E.2d 548, 550 (2004). The Supreme Court has held that in order for a nonresident defendant to be subject to jurisdiction, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Droukas,* 376 N.E.2d ar 550-51.

In *Droukas*, the Supreme Judicial Court held that the out-of-state defendant's activities were insufficient to withstand the constitutional limitations of personal jurisdiction after the defendant agreed to supply two marine engines to buyers in Massachusetts. *Id.* at 548. They found that that transaction was isolated in nature and there were no other significant contacts with Massachusetts to constitute an act by which defendant availed itself to the forum. *Id.*

Here, Defendant, Dr. Barnett, has testified in the attached Affidavit, attached hereto and incorporated herein as Exhibit "A," that she is domiciled in Florida, that she does not transact any business in the State of Massachusetts, does not employ any personnel in Massachusetts, and does not maintain an office in Massachusetts. In fact, Dr. Barnett is licensed to practice medicine only in the State of Florida, treated the patient in Florida, performed the subject surgery in Florida and has an on-going plastic surgery practice in Venice, Florida.

Dr. Barnett travels to Massachusetts for personal holidays. It was during a personal holiday that Dr. Barnett talked with her friend Ms. Vero about Ms. Vero's dissatisfaction with her physical appearance. Analogous to *Droukas* and *Remf*, one conversation among friends in the summer of 1998 does not equate to Dr. Barnett transacting business in Massachusetts and does not mean she subjected herself to the jurisdiction of Massachusetts. Dr. Barnett clearly has not purposefully availed herself of the privileges of Massachusetts and has sought no benefits and protection from its laws.

Furthermore, Defendant, Marguerite Barnett, M.D., P.A., is a professional association that was created under the laws of Florida. This Defendant maintains a place of business and employs personnel only in Venice, Florida. This Defendant does not advertise for patients anywhere other than in the surrounding counties, all located in Florida. This Defendant also has no contacts with Massachusetts and does not purposefully avail itself of the privileges of Massachusetts and has sought no benefits and protection from its laws. Accordingly, the motion to dismiss for lack of personal jurisdiction should be granted.

**B.    Plaintiff Vero Subjected Herself to Florida Jurisdiction Prior to Filing This Complaint.**

On December 10, 2002, Ms. Vero retained legal counsel in Florida to file a Petition for an Automatic Ninety-Day Extension of the statute of limitations pursuant to Florida Statute, attached hereto and incorporated herein as Exhibit "B." That petition for extension of the statute of limitations was filed in the Circuit Court for the Twelfth Judicial Circuit In and For Sarasota County, Florida. That petition created a file with a case number of 2002 CA 17801NC, a docket was assigned and a 90-day extension on the statute of limitations was given pursuant to Florida Statutes.

On May 9, 2003, Ms. Vero sent to Dr. Barnett and her professional association a Notice of Intent to Initiate Litigation for the alleged medical malpractice claim, citing compliance with Florida Statute § 766.106. Pursuant to Florida Statutes, these Defendants conducted a good faith investigation in Florida regarding the allegations and eventually denied the claim on September 30, 2003, pursuant to the Florida Medical Malpractice Presuit Statutes.

However, on March 26, 2004, Plaintiff Vero filed her complaint against these Defendants in the United States District Court, District of Massachusetts claiming diversity. For all the reasons stated above, Florida should maintain its jurisdiction and apply the applicable medical malpractice laws that Plaintiff Vero availed herself of when bringing this lawsuit. Plaintiff Vero was assigned a case number in Sarasota County, Florida, and should have to maintain her cause of action in that county and not be allowed to forum shop in a jurisdiction which is clearly improper.

### Conclusion

These Defendants respectfully assert that the District Court of Massachusetts lacks personal jurisdiction over this medical malpractice claim. Even in following the Massachusetts long-arm statute analysis, Plaintiff Vero has failed to establish sufficient facts upon which to

predicate personal jurisdiction and has failed to allege any facts that would satisfy the minimum contacts requirements of constitutional due process. The alleged malpractice and breach of contract occurred in the State of Florida. Neither of these Defendants has minimum contacts with the State of Massachusetts. Finally, Plaintiff Vero subjected herself to Florida jurisdiction when she initiated this case pursuant to Florida Medical Malpractice laws, and opened a case file in Sarasota County, Florida, and decided to sue over a transaction which occurred in Florida.

Jurisdiction anywhere other than in the State of Florida would be improper and would greatly prejudice these Defendants in their defense of this medical malpractice claim.

WHEREFORE, Defendants, Marguerite Barnett, M.D. and Marguerite Barnett, M.D., P.A., respectfully requests this court to dismiss this complaint for lack of personal jurisdiction.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via facsimile and regular U.S. Mail to: **Thomas E. Kanwit, Esquire**, (Attorney for Plaintiff Vero) 107 Central Street, Concord, Massachusetts 01742, by U.S. mail this 15th day of April 2004.

MINDY MCLAUGHLIN, ESQUIRE
Florida Bar No. 096260
WENDY B. ACCARDI, ESQUIRE
Florida Bar No. 587028
BURTON, SCHULTE, WEEKLEY,
 HOELER & BEYTIN, P.A.
100 S. Ashley Drive, Suite 600
P. O. Box 1772
Tampa, Florida 33601-1772
Telephone: (813) 221-0955
Attorneys for Defendants
Marguerite Barnett, M.D. and
Marguerite Barnett, M.D., P.A.

## AFFIDAVIT OF DEFENDANT, MARGUERITE BARNETT, M.D.

STATE OF FLORIDA

COUNTY OF SARASOTA

BEFORE ME, the undersigned authority personally appeared Marguerite Barnett, M.D., who after being duly sworn, deposes and states the following statements are true and correct to the best of her knowledge.

1. My name is Marguerite Barnett, M.D. and I am over 18 years of age.

2. I am a medical doctor who is licensed to practice medicine in the State of Florida.

3. I reside and practice in the State of Florida and have no contacts to the jurisdiction of Massachusetts.

4. My professional association, Marguerite Barnett, M.D., P.A. was created under the laws of Florida and does not conduct business in the State of Massachusetts.

5. Plaintiff, Patricia Vero, and I were friends prior to the incident alleged in the Complaint. Plaintiff knew I was a plastic surgeon prior to the incident alleged in the Complaint.

6. I treated the Plaintiff, Patricia Vero, in Florida. The alleged medical malpractice and breach of contract occurred in Florida.

7. In anticipation of this litigation, I received a Notice of Intent to initiate litigation pursuant to Florida Statutes from the Plaintiff in this matter.

8. Pursuant to the Notice of Intent, an investigation during the pre-suit period occurred in the State of Florida, and in accordance with Florida Statutes.

9. It would be a tremendous hardship for me to travel and defend myself and my practice in the State of Massachusetts when I reside and work in Florida.



EXHIBIT A

FURTHER AFFIANT SAYETH NAUGHT.

_____
MARGUERITE BARNETT, M.D.

STATE OF FLORIDA

COUNTY OF __SARASOTA__

Before me, the undersigned authority, personally appeared Marguerite Barnett, M.D. who, after being duly sworn deposes and says that she has read the affidavit and the same are true and correct to the best of her knowledge and belief.

The foregoing instrument was acknowledged before me on this __7th__ day of __APRIL__, 2004, by, Marguerite Barnett, M.D., who is personally known to me or who has produced __N/A__, as identification, and who did take an oath.

Lynn D'Amato
Commission #DD283547
Expires: Jan 21, 2008
Bonded Thru
Atlantic Bonding Co., Inc.

_____
NOTARY PUBLIC

Printed Name: __Lynn D'Amato__

My Commission Expires: __1-21-08__

IN THE CIRCUIT COURT FOR THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY

In re the Petition of Patricia Vero for an
automatic ninety-day extension of the
statute of limitations pursuant to Section
766.104(2), Florida Statutes.
_____/

2002 CA 17801 NC

## PETITION FOR AN AUTOMATIC NINETY-DAY EXTENSION OF STATUTE OF LIMITATIONS PURSUANT TO SECTION 766.104(2), FLORIDA STATUTES

Petitioner, Patricia Vero, by and through her undersigned counsel, herein Petitions the Clerk of Court, pursuant to Florida Statute Section 766.104(2), for an automatic ninety (90) day extension of the Statute of Limitations applicable to any claim arising out of medical negligence which may be brought against any healthcare providers involved in her care and treatment on or before February 15, 2001. This 90 day extension shall be in addition to other tolling periods.

DATED: 12/10/02

_____
William E. Hahn, Esq.
Florida Bar #. 147108
Hahn, Morgan & Lamb, P.A.
2701 N. Rocky Point Drive, Ste. 410
Tampa, FL 33607-5917
Telephone: (813) 281-9700
Facsimile: (813) 287-2900
Attorney for Patricia Vero

FILED FOR RECORD
2002 DEC 11 PM 12: 14
KAREN E. RUSHING
CLERK OF CIRCUIT COURT
SARASOTA COUNTY, FL
mlh



EXHIBIT B

Case: 2002 CA 017801 NC
Dkt: PETMDCEXT