UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PATRICIA VERO,                )
   Plaintiff              )
      v.                   )   CIVIL ACTION NO.
                           )   03-12392 REK
MARGUERITE BARNETT, M.D.,     )
   and                    )
MARGUERITE BARNETT, M.D.,P.A.,)
   Defendants             )

### THE PARTIES' JOINT APPLICATION TO TRANSFER
### THE ACTION TO THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

Plaintiff, a resident of Massachusetts, met with defendant Marguerite Barnett, M.D. here in Massachusetts and discussed the surgery which plaintiff claims injured her in this medical malpractice action. Plaintiff claims that defendant made material misrepresentations and omissions in that Massachusetts consultation. Defendants are located in Florida and claim no connection to Massachusetts; they deny that the Massachusetts contact is sufficient to give the Court jurisdiction over them. Florida is where defendants' medical practice is located and where the surgery was performed. While plaintiff has alleged acts and omissions occurring here in Massachusetts which she believes amply support this Court's jurisdiction pursuant to the Massachusetts long arm statute, M.G.L. ch. 233A, as well as satisfying the constitutional requirements for federal jurisdiction, the parties have agreed to a voluntary transfer of this action to the federal district court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1404.[1]

---

[1] By making this joint application and any statement contained herein, neither party is conceding whether jurisdiction and venue are, or are not, proper in Massachusetts.

There are several reasons why such a transfer is in the best interest of all parties as well as the courts. First, the greatest portion of the evidence is located in Florida where the alleged malpractice occurred. The second reason is that a federal court in Florida is more likely to be familiar with the substantive and procedural law in the event that Florida law is deemed to be controlling under applicable choice of law provisions. Third, a transfer will preserve plaintiff's original filing date and is therefore fair under the circumstance that she is voluntarily agreeing to the transfer. Although defendants have represented that they would not raise a statute of limitations defense if the present action is dismissed and a new action is filed in federal court in Florida, a transfer eliminates any possibility of a statutory bar to the claim based on date of filing. Accordingly, as a matter of fairness and economy, the parties jointly seek to have this action transferred to the Middle District of Florida, Tampa Division.

The parties have prepared a proposed order of transfer for the Court's convenience.

Respectfully submitted,

| PATRICIA VERO | MARGUERITE BARNETT, M.D. |
|---|---|
| | MARGUERITE BARNETT, M.D., P.A. |
| /s/ Thos E K | /s/ Mindy McLaughlin (TEK) |
| THOMAS E. KANWIT, Esq. | MINDY MCLAUGHLIN, Esq. |
| BBO # 547251 | Fla. Bar No. 096260 |
| 107 Central Street | WENDY B. ACCARDI, Esq. |
| Concord, MA 01742 | Fla. Bar No. 587028 |
| 617/748-3271 | BURTON, SCHULTE, WEEKLEY, |
| | HOELER & BEYTIN, P.A. |
| | 100 S. Ashley Dr. Suite 600 |
| | P.O. Box 1772 |
| | Tampa, FL 33601-1772 |
| | 813/221-0955 |

May 3, 2004